# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR NEIL SCHMIDT, <br><br> Plaintiff, <br><br> v. <br><br> RANDY MIZE, *et al.*, <br><br> Defendants. | Case No. 18-cv-00725-BAS-PCL <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2); AND** <br><br> **(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING DAMAGES FROM IMMUNE DEFENDANT** |

Plaintiff Trevor Neil Schmidt, proceeding pro se and currently incarcerated at North Kern State Prison ("NKSP") in Delano, California, initiated this civil rights action pursuant to 42 U.S.C. § 1983. At the time of filing this case, Plaintiff was still held in pretrial custody at the San Diego County Jail ("SDCJ"), on April 12, 2018. (*See* ECF No. 1.)[1]

---

[1] Plaintiff filed a notice of change of address to NKSP one week later on April 18, 2018. (ECF No. 3.)

1

Plaintiff did not prepay the $400.00 civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead filed a Motion to Proceed In Forma Pauperis ("IFP"). (*See* ECF No. 2.)

I. **Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.00.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner at the time of filing, he remains obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), even if he is granted leave to proceed IFP and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of twenty percent of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has

---

[2] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $50.00. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50.00 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at twenty percent of the preceding month's income, in any month in which his account exceeds $10.00, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted copies of a San Diego Sheriff's Department Inmate Account Activity statement showing his available balance and trust account activity from November 2016 through March 2018. (*See* ECF No. 2 at 6-8); 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2; *Andrews*, 398 F.3d at 1119. This statement shows while Plaintiff had a $68.17 balance to his credit in October 2017, he had no money deposited into his account over the next six-month period preceding the filing of his Complaint, and had an available balance of zero at the time of filing. (*See* ECF No. 2 at 7.)

Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), and will assess no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").

The Court will further direct the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), into whose custody he has since been transferred (ECF No. 3), or his designee, to instead collect the entire $350.00 balance of the filing fee required by 28 U.S.C. § 1914 and forward installments payments to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

## II. Screening Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and *sua sponte* dismiss an IFP complaint and any complaint filed by a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned,

the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Allegations

Plaintiff contends Defendants San Diego County Public Defender Randy Mize, Deputy Public Defender Saba Sheoboni, Superior Court Judge Margie G. Woods, and Sheriff William D. Gore, together with Liberty HealthCare Corp. (collectively, "Defendants") violated his right to due process and to be free of cruel and unusual punishment in February, April, and May 2017 during criminal trial proceedings in San Diego Superior Court Criminal Case No. SCD269629. (*See* ECF No. 1 at 1-2, 3-6.)

Specifically, Plaintiff claims Sheoboni requested a competency hearing over Plaintiff's objection, and Judge Woods wrongfully considered the report of a doctor whom Plaintiff was "forced" to meet under duress, committed Plaintiff to a state hospital for three years, and "at some point" outside Plaintiff's presence, ordered "involuntary medication" without a second opinion. (*Id.* at 4.)

Finally, Plaintiff claims several unidentified SDCJ Sheriff's Deputies handcuffed and held him down on May 26, 2017 in order to inject him with Haldol "against [his] will," and later "refused to provide [him] treatment" when he was ill. *Id.* at 5.

Plaintiff seeks $7,400,000 in general and punitive damages and demands a jury trial. (*Id.* at 7.)

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right

3:

secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. Public Defenders Mize & Sheoboni

First, to the extent Plaintiff names San Diego County Public Defenders Randy Mize and Saba Sheoboni as Defendants, *see* ECF No. 1 at 1-2, he fails to state a claim upon which section 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Garnier v. Clarke*, 332 Fed. App'x 416 (9th Cir. 2009) (affirming district court's *sua sponte* dismissal of prisoner's section 1983 claims against appointed counsel).

### E. Judge Woods

Next, Plaintiff's Complaint must be dismissed insofar as he seeks monetary damages from San Diego Superior Court Judge Margie G. Woods, who is alleged to have presided over his criminal case and competency proceedings in San Diego Superior Court Criminal Case No. SCD269629, and who is absolutely immune. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting § 1915(e)(2)(B)(iii) requires the court to dismiss an action "at any time" if it "seeks monetary relief from a defendant who is immune from such relief").

Judges are absolutely immune from damage liability for acts which are judicial in nature. *See Forrester v. White*, 484 U.S. 219, 227-229 (1988); *see also Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Judicial immunity applies to actions brought under 42 U.S.C. § 1983 for acts committed within the scope of judicial duties, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356. "[A] judge

will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority; rather, [s]he will be subject to liability only when [s]he has acted in the clear absence of all jurisdiction." *Id.* at 356-37; *see also Forrester*, 484 U.S. at 227 (stating a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"); *Mireless v. Waco*, 502 U.S. 9, 12 (1991).

Here, Plaintiff claims Judge Woods violated his rights to due process rights by considering a medical report over his objection during an April 3, 2017 competency hearing, after which she "pushed forward with a commitment to the state hospital," and "at some point" authorized his "involuntary medication." (ECF No. 1 at 4.) Because all of these decisions were made in her capacity as a judge presiding over Plaintiff's case, Judge Woods must also be dismissed as absolutely immune. *See* 28 U.S.C. § 1915(e)(2)(B)(iii), § 1915A(b)(2); *Brand v. Schubert*, No. 2:16-CV-1811-MCE EFB P, 2017 WL 531721, at *2 (E.D. Cal. Feb. 7, 2017) (dismissing *sua sponte* section 1983 claims against judge presiding over criminal and mental competency proceedings pursuant to 28 U.S.C. § 1915A).

### F. Liberty HealthCare Corp.

Plaintiff also names "Liberty Healthcare Corp." as a Defendant, and alleges it works as a "state contractor . . . under the California Director of State Hospitals." (*See* ECF No. 1 at 1, 2.) However, Plaintiff's Complaint includes no further "factual content that allows the court to draw the reasonable inference that [this] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

And while a section 1983 action may be alleged against a private actor under certain circumstances, Plaintiff fails to offer any factual basis to show what Liberty Healthcare

allegedly did or how it acted "under color of state law." *See Tsao*, 698 F.3d at 1138; *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) ("That a private entity performs a function which serves the public does not make its acts state action."); *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties [do] not generally act[] under color of state law. . . .").

### G. Sheriff William D. Gore

Finally, Plaintiff also names San Diego County Sheriff William D. Gore as a Defendant, *see* ECF No. 1 at 1, 2, but he again fails to include any "factual content" as to the Sheriff's acts or omissions that might "allow[] the court to draw the reasonable inference that [the Sheriff] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Brazil*, 66 F.3d at 199. Plaintiff does allege several Sheriff's Department deputies "on the sixth floor of the San Diego Central Jail," forcibly drugged him on May 27, 2017, *see* ECF No. 1 at 5, but he does not identify or name those persons as parties. "There is no respondeat superior liability under 42 U.S.C. § 1983." *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.

Thus, for all these reasons, the Court finds Plaintiff's Complaint fails to state a claim as to any of the named Defendants, further seeks damages from one, Judge Woods, who is absolutely immune, and must be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. § 1915A(b)(1), (2). *See Chavez*, 817 F.3d at 1167-68 (noting that § 1915(e)(2)(B)(iii) "applies to absolute immunity" and § 1915(e)(2)(B)(ii) "authorizes a court to dismiss a complaint that fails to state a claim sua sponte before defendants are served") (citing *Lopez*, 203 F.3d at 1130).

### III.    Conclusion and Orders

Accordingly, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350.00 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10.00 pursuant to 28 U.S.C. § 1915(b)(2). **All payments shall be clearly identified by the name and number assigned to this action**;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief can granted and for seeking damages from a defendant who is immune pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and 1915A(b)(1), (2); and

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint that cures the deficiencies of pleading described in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to amend within 45 days, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*,

9

427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

**DATED:  May 29, 2018**

Hon. Cynthia Bashant
United States District Judge