# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR NEIL SCHMIDT, CDCR #BF-9561, <br><br> Plaintiff, <br><br> vs. <br><br> RANDY MIZE, et al., <br><br> Defendants. | Case No.: 3:18-cv-00725-BAS-RBM <br><br> **ORDER DISMISSING CIVIL ACTION WITHOUT LEAVE TO AMEND** |

Plaintiff Trevor Neil Schmidt, currently incarcerated at Sierra Conservation Center ("SCC") in Jamestown, California,[1] is proceeding pro se in this civil action filed pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis and an opportunity to amend his complaint in order to state a claim upon which § 1983 relief can be granted. (ECF No. 4.) His attempt to do so falls short, so the Court now dismisses his case.

---

[1] Plaintiff was still in pretrial custody at the San Diego County Jail ("SDCJ") when he initiated this action in April 2018, (*see* "Compl.," ECF No. 1, at 1), but was soon transferred to North Kern State Prison, (*see* ECF No. 3), and transferred again to SCC, (*see* ECF No. 11).

1

## I. PROCEDURAL HISTORY

In his original Complaint, Plaintiff alleged two public defenders (Mize and Sheoboni), a Superior Court Judge (Woods), the County Sheriff (Gore), unidentified Sheriff's Department Deputies 1–10, and Liberty Healthcare Corp. ("Defendants") violated his rights to due process and to be free from cruel and unusual punishment during February, April, and May 2017 criminal trial proceedings in San Diego Superior Court Case No. SCD269629. (*See* Compl. 1–2, 3–6.) He sought $7,400,000 in general and punitive damages. (*Id.* at 7.)

On May 29, 2018, the Court dismissed Plaintiff's Complaint sua sponte and in its entirety for failing to state a claim upon which § 1983 relief can be granted and for seeking damages from a defendant who is absolutely immune pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and § 1915A(b)(1), (2). (*See* ECF No. 4.) In its Order, the Court reviewed Plaintiff's allegations as to all the named Defendants, noted the pleading deficiencies, and granted Plaintiff 45 days leave in which to fix them. (*Id.* at 9.) Plaintiff was cautioned that his Amended Complaint would supersede his original pleading, and that any claim not re-alleged against any Defendant would be waived. (*Id.*)

On July 11, 2018, Plaintiff filed his First Amended Complaint ("FAC"), this time naming as Defendants only Deputy Public Defender Sheoboni, Judge Woods, Liberty Healthcare Corp., and unnamed Sheriff's Deputies 1–10.[2] (*See* "FAC," ECF No. 9 at 1–2.) Plaintiff's FAC is subject to the same initial screening required of his original Complaint. *See* 28 U.S.C. § 1915(e)(2) and § 1915A.

## II. SCREENING OF AMENDED COMPLAINT

The Prison Litigation Reform Act ("PLRA") requires review of all complaints filed by persons proceeding IFP, as well as those filed by persons, like Plaintiff, who are

---

[2] Because Plaintiff's FAC does not re-name Defendants Mize and Gore as Defendants, they are dismissed as parties and any prior purported claims against them have been waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

"incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

### A. **Standard of Review**

"The purpose of § 1915[] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*

While a plaintiff's factual allegations are taken as true, courts "are not required to

3

3:18-cv-00725-BAS-RBM

indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), but they may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Vague and conclusory allegations of official participation in civil rights violations" are not "sufficient to withstand a motion to dismiss." *Id.*

### B. Allegations in Amended Complaint

Except for the omission of Defendants Mize and Gore, the allegations in Plaintiff's FAC are virtually identical to those in his original Complaint. (*Compare* Compl. 3–5, *with* FAC at 3–5.)

Plaintiff claims, as he did previously, that his public defender Saba Sheoboni "refused to subpoena evidence," and "called for a competency hearing" over his objection on February 6, 2017, in San Diego Criminal Case No. SCD269629, and in violation of his 4th, 5th, 6th and 14th Amendment rights. (*See* FAC 3; *cf.* Compl. 3.) Plaintiff also repeats allegations that Judge Woods violated Plaintiff's rights to due process and to be free from cruel and unusual punishment[3] on April 3, 2017, by failing to "establish jurisdiction[]," having him "removed from the courtroom," and during "a date and a hearing unknown to [him], … order[ing] that [he] be involuntarily medicated as a pretrial detainee." (FAC 4; *cf.* Compl. 4.)

Finally, Plaintiff again contends that on May 26, 2017, and on "numerous days following," "multiple deputies" (whom the Court presumes are Sheriff's Deputies 1–10),

---

[3] Plaintiff alleges to have been a pretrial detainee at the time, (*see* FAC 3–4), therefore, the Eighth Amendment's prohibition of cruel and unusual punishments is inapplicable. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (holding Eighth Amendment protections apply only after conviction and sentence).

involuntarily "drugged" him on the 6th floor of the San Diego County Jail with Haldol and Zyprexa pursuant to Judge Woods' order. Plaintiff alleges that he was "under the care of" Liberty Healthcare Corp., at the time, which operated under a contract with California State Hospitals, the San Diego Sheriff's Department, "as well as the San Diego Superior Courts." (*See* FAC 5; *cf.* Compl. 5.)[4] Plaintiff seeks unspecified injunctive relief, as well as general and punitive damages in amounts "to be determined." (FAC 7.)

### C. Discussion

#### 1. Claims Against Defendant Sheoboni

Plaintiff again brings suit against Defendant Sheoboni for actions performed as Plaintiff's public defender. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege a deprivation of a right secured by the Constitution and laws of the United States "by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "[A] public defender does not act under color of state law [pursuant to 42 U.S.C. § 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Representing a client "is essentially a private function . . . for which state office and authority are not needed." *Id.* at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). Thus, when attorneys perform as advocates, i.e., meet with clients, investigate possible defenses, present evidence at trial, or make arguments to a judge or jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Miranda v. Clark Cnty.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as

---

[4] The government may "involuntarily . . . administer antipsychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant competent to stand trial," but only if "(1) there are 'important governmental interests' at stake; (2) 'involuntary medication will significantly further those concomitant state interests;' (3) 'involuntary medication is necessary to further those interests;' and (4) 'administration of the drugs is medically appropriate, *i.e.*, in the patient's best medical interest in light of his medical condition.'" *United States v. Brooks*, 750 F.3d 1090, 1093 (9th Cir. 2014) (quoting *Sell v. United States*, 539 U.S. 166 (2003)).

she performs a traditional role of an attorney for a client, "h[er] function," no matter how ineffective, is "to represent h[er] client, not the interests of the state or county"). Plaintiff's claims against his public defender Defendant Sheoboni all relate to Defendant's function as Plaintiff's advocate (i.e. she refused to subpoena evidence and witnesses, and called a competency hearing). Therefore, Plaintiff cannot allege a deprivation of his rights by a person acting under color of state law and his claims against Defendant Sheoboni fail. These claims are **DISMISSED** with prejudice.

### 2. Claims Against Defendant Woods

Plaintiff again attempts to sue Superior Court Judge Woods in both her official and individual capacity for judicial acts taken during his criminal prosecution in San Diego Superior Court Case No. SCD269629. Judges have absolute immunity to suits for monetary damages for their judicial acts. "This immunity applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Absolute judicial immunity exists "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Bradley v. Fisher*, 80 U.S. 335 (1871); *see also Mireles v. Waco*, 502 U.S. 9 (1991) (upholding absolute immunity for a judge that allegedly ordered excessive force be used in arresting a suspect).

Plaintiff's FAC still fails to allege facts showing that Judge Woods took any non-judicial actions against him, or that her competency determinations were rendered in complete absence of all jurisdiction. *See Meek v. Cty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) ("A judge is not deprived of immunity because [s]he takes actions which are in error, are done maliciously, or are in excess of his authority."); *Ashelman v. Pope*, 793 F.2d 1072, 1075–76 (9th Cir. 1986) ("As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies."). Therefore, Plaintiff's repeated claims against Judge Woods remain barred by judicial immunity, and the Court **DISMISSES** them with prejudice.

/ / /

/ / /

6

3:18-cv-00725-BAS-RBM

### 3. Claims Against Defendants Liberty Healthcare and Sheriff's Deputies 1–10

Plaintiff alleges that on May 26, 2017, while he was "under the care of" Liberty Healthcare Corp., a "state contractor," he was cuffed and "intravenously drugged" with Haldol and Zyprexa by "multiple" unidentified Sheriff's Department deputies in violation of his right to be "free[] from cruel and unusual punishment," "even though [he] did not suffer any issues either drug would be used to treat . . . because the Judge (Judge Woods) said so." (FAC 5.)

As to Liberty Healthcare Corp., Plaintiff's allegations are insufficient even if the Court assumes "state action."[5] Plaintiff still does not allege facts to show how Liberty Healthcare participated in, directed, or caused the deprivation of any constitutional right, only alleging he was "under the care" of the company. (*Id.*); *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, t[o] show that [the Defendant] was personally involved in the deprivation of his civil rights."). Without these allegations, this claim fails.

Finally, Plaintiff also fails to state a claim against the "multiple deputies" whom Plaintiff claims administered Haldol and Zyprexa over his objections pursuant to Judge Wood's orders and in violation of his right to be free of "cruel and unusual punishments." (FAC 5). Eighth Amendment protections apply only after conviction and sentence, and Plaintiff admits he was a pretrial detainee at the time; therefore the Court will liberally construe these allegations to arise under the due process clause of the Fourteenth Amendment. (*See* FAC 3–4); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (en banc) (citing *Bell*, 441 U.S. at 535).

---

[5] *Jensen v. Lane Cty.*, 222 F.3d 570, 575 (9th Cir. 2000) (holding that a private physician, providing contract services to the government, was a state actor under § 1983 because the physician and the County, through its employees, "undert[ook] a complex and deeply intertwined process of evaluating and detaining individuals who [we]re believed to be mentally ill and a danger to themselves or others").

It is unclear exactly what Plaintiff is alleging. To the extent Plaintiff seeks to challenge the adequacy of his medical care while he was in pretrial custody under the Fourteenth Amendment, the claim "must be evaluated under an objective deliberate indifference standard." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (citing *Castro*, 833 F.3d at 1070). The elements of this claim are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125.

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Id.* (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)). To defeat a motion to dismiss, a plaintiff must allege facts to indicate something "more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* Plaintiff has not sufficiently alleged such a Fourteenth Amendment violation, only alleging the deputies administered drugs to him per Judge Woods' order. *See Ivey*, 673 F.2d at 268 ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."). Therefore, Plaintiff has not stated a claim against the Deputy Defendants.

Further, and importantly, Plaintiff has been convicted since he first filed suit. (*See* ECF No. 3); *People v. Schmidt*, Cal. Ct. App. 4th Dist., Div. 1, Appeal No. D073661 (filed 3/2/18; fully briefed 7/30/18); http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=41&doc_id=2246267&doc_no=D073661&request_token=NiIwLSIkXkg%2FWzBJSSFdTE9IUFA6

8

3:18-cv-00725-BAS-RBM

UkxbJCIuXzxTICAgCg%3D%3D (last visited Oct. 1, 2018).[6] Assuming Plaintiff is able to state a claim against Defendants Liberty Healthcare and the Doe Deputies, this would implicate the validity of his conviction. *See Jernigan v. Santa Clara Cty. Pub. Def. Dep't*, No. C032529WHA(PR), 2003 WL 21640491, at *2 (N.D. Cal. July 7, 2003) (holding "if plaintiff were to prevail on such a hypothetical claim regarding forced administration of psychotropic drugs, the validity of his conviction would necessarily be implicated"). "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see also Ramirez v. Galaza,* 334 F.3d 850, 856 (9th Cir. 2003). There is no evidence of this and Plaintiff may not pursue a claim under § 1983 until this occurs. Therefore, Plaintiff's claims against Defendants Liberty Healthcare and the Sheriff's Deputies are **DISMISSED** without prejudice. This does not bar Plaintiff from raising these claims at a later date should it become appropriate.

///
///
///

---

[6] The court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (citation omitted).

## III. CONCLUSION AND ORDER

Accordingly, the Court:

1) **DISMISSES** with prejudice Plaintiff's claims against Defendants Sheoboni and Woods;

2) **DISMISSES** without prejudice Plaintiff's claims against Defendants Liberty Healthcare and Sheriff's Department Deputies 1–10;

3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

4) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

DATED: October 3, 2018

Hon. Cynthia Bashant
United States District Judge